I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: [signature]
Deputy Clerk

FILED
SNP
03 JAN 27 PM 4: 03
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 8:03-Cr-29-T-26 MAP |
| | : | 21 U.S.C. § 841(a)(1) |
| v. | : | 21 U.S.C. § 841(b)(1)(C) |
| | : | 21 U.S.C. § 802(32) |
| JON ROGERS, a/k/a | : | 21 U.S.C. § 813 |
| Jonathan Paul Rogers | : | 21 C.F.R. § 1308.11(e)(1) |
| | : | 21 U.S.C. § 853 - forfeiture |

## INFORMATION

The United States Attorney charges:

## COUNT ONE

From an unknown date which was at least on or about June 1, 2002, through on or about September 19, 2002, in the Middle District of Florida and elsewhere,

JON ROGERS,
a/k/a Jonathan Paul Rogers,

the defendant herein, did knowingly and intentionally attempt to manufacture a quantity of mixtures of gamma-hydroxybutyric acid, also known as "GHB," a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

## FORFEITURE

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

14

2. From his engagement in the violation alleged in Count One of this Information, punishable by imprisonment for more than one year, where Count One is realleged and incorporated as if more fully set forth herein, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), all of his interest in:

a. Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violations; and

b. Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. Such forfeiture shall include all property, real or personal, tangible or intangible, including any interest in said property of the defendant.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

PAUL I. PEREZ
United States Attorney

By: ______________________
ANTHONY E. PORCELLI
Assistant United States Attorney

By: ______________________
JOSEPH K. RUDDY
Assistant United States Attorney
Deputy Chief, Narcotics Section