AO 245B (Rev. 9/00) Sheet 1 - Judgment in a Criminal Case

FILED

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

03 MAY 30 PM 3:30

COURT
OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: 8:03-cr-29-T-26MAP

vs.

JON ROGERS

Defendant's Attorney: Edward Joel Liebling (ret)

THE DEFENDANT:

XX pleaded guilty to count One (1) of the Information.
__ was found guilty on count(s) after a plea of not guilty.

ACCORDINGLY the Court has adjudicated the defendant GUILTY of the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 21 U.S.C. §846 and 841(b)(1)(C) | Attempting to Manufacture Gamma-Hydroxybutyric Acid, a/k/a GHB | September 19, 2002 | One (1) |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

__ The defendant has been found not guilty on count(s)
__ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's USM No.:

Date of Imposition of Sentence:
May 30, 2003

Defendant's Mailing Address: 296 Plymouth St.
Safety Harbor, FL 34695

Defendant's Residence Address: Same as Above

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: [signature]
Deputy Clerk

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

DATE: May 30, 2003

AO 245B (Rev. 9/00) Sheet 4 - Probation

32

## PROBATION

The defendant is hereby placed on probation for a term of SIXTY (60) MONTHS as to Count One (1) of the Information.

The defendant shall not commit another federal, state, or local crime and shall not possess illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

_ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

XX The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment

The defendant shall comply with the following standard conditions that have been adopted by this court and any additional conditions on the next page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: JON ROGERS
Case No.: 8:03-cr-29-T-26MAP



## PROBATION

The defendant shall also comply with the following additional conditions of probation:

XX The defendant shall participate in the Home Detention program for a period of **SIX (6) MONTHS**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

XX The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

_ The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

_ The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the Probation Officer. The defendant shall provide the Probation Officer access to any requested financial information.

_ If deported, the defendant shall not reenter the United States without the express permission of the United States Attorney General.

Defendant: JON ROGERS
Case No.: 8:03-cr-29-T-26MAP



## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $Waived | $N/A |

__ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

__ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $__ | $__ | |

__ If applicable, restitution amount ordered pursuant to plea agreement $___________.

__ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

__ The Court determined that the defendant does not have the ability to pay interest, and is ordered that:

__ the interest requirement is waived for the _________ fine and/or ________ restitution.

__ the interest requirement for the ________ fine and/or _________ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: JON ROGERS Judgment - Page 5 of 5
Case No.: 8:03-cr-29-T-26MAP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A. X Lump sum payment:

X Due immediately

_____ not later than __________________, or

_____ in accordance with C, D or E below; or

B. ___ Payment to begin immediately and continue to make payments to the best of your ability until this obligation is satisfied. Probation to work out a payment schedule that will not interfere with his child support payments.

C. ___Payment in ____________ (e.g., equal, weekly, monthly, quarterly) installments of $________over a period of ________ (e.g., months or years), to commence ___________ days (e.g., 30 or 60 days) after date of this judgment; or

D. ___Payment in ____________ (e.g., equal, weekly, monthly, quarterly) installments of $________ over a period of ________, (e.g., months or years) to commence _________ after release from imprisonment to a term of supervision; or

E. ___Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

___ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

F I L E C O P Y

Date Printed: 06/02/2003

Notice sent to: 8:03-29

___ Anthony Edward Porcelli, Esq.
United States Attorney's Office
Middle District of Florida
400 Tampa St., Suite 3200
Tampa, FL 33602

___ Edward Joel Liebling, Esq.
Law Office of Edward Liebling, P.A.
2655 McCormick Dr., Suite 203
Clearwater, FL 33759